UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| RAYMOND CORNWELL, | ) | CASE NO.  4:11 CV2013 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| Respondent. | ) | |


Before the Court is *pro se* Petitioner Raymond Cornwell's above-captioned habeas

corpus action pursuant to 28 U.S.C. § 2241.  He names Robert L. Farley, Warden at the Federal

Correctional Institution in Elkton, Ohio (F.C.I. Elkton) as Respondents.  Petitioner, who was

incarcerated at F.C.I. Elkton when this Petition was filed, asserts he was improperly placed in the

Special Housing Unit (SHU) at F.C.I. Elkton under Administrative Detention.  For the reasons set

forth below,  the Petition is denied.

*Background*

On February 5, 1990, a jury in the Western District Court of New York convicted

Petitioner of conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C.

§§ 846 & 841(a)(1). *See United States v. Cornwell*, No. 89-CR-196 (W.D. NY).  He was sentenced to serve 240 months in prison. The conviction was affirmed on appeal. *See United States v. Cornwell*, Nos. 90-1348, 90-1347, 90-1337, 940 F.2d 649 (2d Cir. June 25, 1991)(Table).

There are no relevant facts alleged that explain why Petitioner may have been placed under administrative detention in the SHU.  He states only that he does not meet any of the requirements to be securely separated from the general population. Petitioner claims he filed grievances on July 9, 2011 and August 26, 2011. The only response he received was a comment from Unit Manager Marilou Burns, who stated: "It is what it is." (Pet. at 3.) During the months he was held in S.H.U., Petitioner asserts he was deprived of the privileges he enjoyed while living in the general prison population.  He complains that the Respondent has limited his access to commissary privileges, educational programs, and religious services. Moreover, he claims he is being improperly detained "awaiting improper transfer while falsifying custody classification data."[1] (Pet. at 5.)  In his prayer for relief, Petitioner seeks a return to the general prison population, pending his transfer to another prison.

## Analysis

Petitioner claims his detention in S.H.U. violates 28 C.F.R. §§ 541.22, 541.23(c)(1),(2), 541.26(b),(c)& 541.31(1)(L) and(N). These regulations address a prisoner's status when he or she is placed in the SHU. For prisoners like Petitioner, who are held in administrative detention, the BOP removes them from "the general population when necessary to ensure the safety, security, and orderly operation of correctional facilities, or protect the public." 28 U.S.C. §541.22(a). The regulations provide further that "[a]dministrative detention status is non-punitive, and can occur

---

[1]Petitioner does not specify what data has allegedly been falsified by BOP staff.

for a variety of reasons." *Id.* While Petitioner repeatedly claims the Respondent or BOP has "falsified records," he does not disclose to what records he is referring or how they have resulted in his improper detention.

### Standard of Review

When a court entertains an application for a writ of habeas corpus, it is required to award the writ "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. To determine a petitioner's entitlement to habeas relief, the court must evaluate whether he has met his "'burden to show that he is in custody in violation of the Constitution of the United States . . .'." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Petitioner has not satisfied his burden.

### 28 U.S.C. § 2241

When a prisoner seeks to challenge the "legality or duration" of his confinement a habeas corpus proceeding is the proper mechanism. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By statute, this Court is required to direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A court's personal jurisdiction is determined at the time the petition is filed in federal court. *See e.g. Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(for the purposes of the habeas statutes, petitioner need only be "in custody" at the time the petition was filed); *Cohen v. United States*, 593

F.2d 766, 767 (6th Cir. 1979)(prisoner transfer pending review in habeas corpus proceeding did not divest court of subject matter jurisdiction).  Since the date this action was filed, Petitioner was transferred him to the Federal Correctional Institution Gilmer (F.C.I. Gilmer) in Glenville, West Virginia. *See* http://www.bop.gov/iloc2/LocateInmate.jsp  The Supreme Court has held, however, that

> So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction

*Braden*, 410 U.S. at 490.  Therefore, the only question which remains is whether the Court has subject matter jurisdiction over this as a habeas action.

### Lack of Subject Matter Jurisdiction

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990). This Court cannot entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  For the imprisoned, there are two pathways to federal court from which to choose relief: "a petition for habeas corpus, . . . , and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

For this Court to assume habeas subject matter jurisdiction over the case, Petitioner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[A]n attack by a person in custody upon the legality of that

-4-

custody," *Preiser*, at 484, has long been considered the essence of a habeas corpus petition. *See id.* at 498. This is contrasted by claims where a prisoner may challenge the conditions to which he is subjected while restrained in custody. As the Court explained in *Nelson v. Campbell*, 541 U.S. 637 (2004), "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Id.* at 643 ; *see Muhammed*, 540 U.S. at 750 ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.")

The core of Petitioner's claims center around the conditions of his confinement in the SHU. He alleges his SHU placement interfered with his full access to the commissary, special programs and religious services. Whether an inmate has a liberty interest in avoiding a particular condition of confinement or where he is placed in an institution does not invoke a claim under the habeas statute, however. Such claims neither affect the length nor duration of Petitioner's imprisonment. *See Preiser*, 411 U.S. at 499; *Hernandez-Pineda v. Lappin*, No. 4:11 CV1377, 2011 WL 6318514, at *3 (N.D. Ohio, Dec. 16, 2011). While Petitioner complains he was placed in the SHU in June 2011, he has since been released and transferred to another prison. More importantly, there is generally no inherent constitutional right to remain free of administrative detention. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

The Petition fails to raise any claim that Petitioner "is in custody in violation of the Constitution or laws or treaties of the United" 28 U.S.C. § 2241. As such, this Court does not have habeas subject matter jurisdiction over his claim.

To the extent Petitioner has any claims against the Respondent based on a violation of his rights under the Constitution, they would best be pursued as a *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)]action pursuant to 42 U.S.C. § 1983. [2] Rather than construe this action as a civil rights complaint, however, the Sixth Circuit has held that dismissal without prejudice is appropriate to allow the Petitioner to raise any potential civil rights claims in a *Bivens* action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

### Conclusion

Based on the foregoing, the Petition is dismissed pursuant to 28 U.S.C. §2243, but without prejudice to any possible civil rights claims. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. [3]

IT IS SO ORDERED.

Donald C. Nugent 5/17/12

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2]*Bivens* involves prisoners who assert that a federal employee violated his constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

[3]28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.